1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ENG LEUKHAMPHAN,                          No.  1:25-cv-01750-JLT-SKO (HC)

12                    Petitioner,              **ORDER VACATING FINDINGS AND**
                                               **RECOMMENDATIONS**
13        v.
                                               **ORDER DENYING APPOINTMENT OF**
14                                             **COUNSEL WITHOUT PREJUDICE**
     WARDEN OF THE GOLDEN STATE
15   ANNEX DETENTION FACILITY, et al.,         **ORDER TO SHOW CAUSE WHY**
                                               **PETITION SHOULD NOT BE GRANTED**
16                    Respondents.
                                               [THIRTY DAY DEADLINE]
17

18

19        Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas

20   corpus pursuant to 28 U.S.C. § 2241. On December 5, 2025, he filed a petition challenging his

21   prolonged detention by the Bureau of Immigration and Customs Enforcement without a bond

22   hearing. (Doc. 1.) On December 9, 2025, the Court issued Findings and Recommendations to

23   dismiss the petition, finding Petitioner's brief one-month detention period did not qualify as

24   unreasonably prolonged in violation of his Fifth Amendment due process rights. (Doc. 7.)

25        On December 22, 2025, Petitioner filed a first amended petition along with a motion for

26   appointment of counsel. (Docs. 9, 10.) In his first amended petition, Petitioner has included the

27   following additional claims: 1) Petitioner's potential removal to a third country without proper

28   notice and a meaningful opportunity to contest removal violates the Fifth Amendment, INA,

                                               1

1    Convention Against Torture; and implementing regulations; (2) Removal to a third country

2    constitutes banishment in violation of the Fifth and Eighth Amendments; and (3) Petitioner's re-

3    detention without changed circumstances, without proof that an ICE official determined there was

4    a significant likelihood of removal, without notification of the reasons for revocation of release,

5    and without an initial informal interview promptly after return to custody violated Petitioner's

6    rights under statute and the Constitution. (Doc. 9 at 14-18). Upon review of Petitioner's claims,

7    the Court finds Petitioner has presented serious questions concerning the legality of his re-

8    detention. Therefore, the Court will vacate the Findings and Recommendations and direct

9    Respondent to file a response.

10          Petitioner has also requested the appointment of counsel. (Doc. 12.) Title 18 U.S.C. §

11    3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner

12    whenever "the court determines that the interests of justice so require" and such person is

13    financially unable to obtain representation. Petitioner has failed to establish that he does not have

14    sufficient funds to hire a lawyer. Therefore, Petitioner's motion for appointment of counsel will

15    be denied without prejudice.

16          Because Petitioner may be entitled to relief if the claimed violations are proved,

17    Respondent IS ORDERED TO SHOW CAUSE why the Petition should not be granted.  Rule 4,

18    Rules Governing Section 2254 Cases; see Rule 1(b), Rule 11, Rules Governing Section 2254

19    Cases; Fed. R. Civ. P. 81(a)(2).  Respondent SHALL INCLUDE a copy of Petitioner's Alien File

20    or any relevant portion thereof, and all other documentation relevant to the determination of the

21    issues raised in the petition. Rule 5 of the Rules Governing Section 2254 Cases.  In the event the

22    Petitioner is released from ICE custody during the pendency of this Petition, the parties SHALL

23    notify the Court by filing a Motion to Dismiss the Petition or other proper pleading.

24          Accordingly, it is HEREBY ORDERED:

25          1.      The Findings and Recommendations issued on December 9, 2025, are VACATED.

26          2.      Petitioner's request for appointment of counsel is DENIED without prejudice.

27          3.      Respondent is ORDERED TO SHOW CAUSE why the Petition should not be

28                  granted.  The Response to the Order to Show Cause is due within THIRTY (30)

1    days of the date of service of this order.

2    4.    Petitioner may file a Traverse to the Response within THIRTY (30) days of the

3    date the Response to the Order to Show Cause is filed with the Court.

4    The Court has determined that this matter is suitable for decision without oral argument

5    pursuant to Local Rule 230(h).  As such, the matter will be taken under submission following the

6    filing of Petitioner's Traverse or the expiration of the time for filing the Traverse.  All other

7    briefing in this action is suspended.

8

9    IT IS SO ORDERED.

10    Dated:    **January 9, 2026**                    /s/ *Sheila K. Oberto*
                                           UNITED STATES MAGISTRATE JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3