**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENG LEUKHAMPHAN, | ) Case No.: 1:25-cv-01750-JLT-SKO (HC) |
| Petitioner, | )<br>) FINDINGS AND RECOMMENDATION TO |
| v. | ) DISMISS PETITION FOR WRIT OF HABEAS<br>) CORPUS AS MOOT |
| | )<br>) [TWENTY-ONE DAY OBJECTION PERIOD] |
| WARDEN OF THE GOLDEN STATE<br>ANNEX DETENTION FACILITY, et al., | )<br>) |
| Respondents. | )<br>) |

Petitioner was formerly a detainee of the United States Department of Homeland Security. He had filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his indefinite detention. On February 20, 2026, Respondent filed a status report indicating Petitioner had been removed to Laos and was no longer in custody. The Court will recommend the petition be dismissed as moot.

**DISCUSSION**

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable

1

interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam) (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)).

Here, the instant petition requested immediate release from indefinite detention. Respondent submits that Petitioner was removed to Laos on January 12, 2026, via chartered flight. Respondents request the petition be dismissed as moot. Because there is no further relief that this Court can provide to Petitioner, the petition is now moot.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that the Petition for Writ of Habeas Corpus be DISMISSED as moot.

This Findings and Recommendations is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider

exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **March 8, 2026**                         /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE